United States Court of Appeals
Fifth Circuit

**F I L E D**

January 13, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-60934
Summary Calendar

MOHAMMED A. KHAN,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
(A75 296 989)

Before BARKSDALE, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:*

Mohammed Asif Khan seeks review of the final order of the Board of Immigration Appeals (BIA) dismissing his appeal. Khan asserts violations of a federal regulation and his right to due process, based on his attorney's failure to receive service of his Notice to Appear.

Khan is a native and citizen of Pakistan. In 1993, he entered the United States illegally. On 13 May 2003, the Department of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Homeland Security served him, in person, with a Notice to Appear. The Notice was filed with the Immigration Court, which notified Khan, via mail on 5 June 2003 at the same address at which he had been personally served, that his hearing would be held on 11 September 2003. Khan failed to appear, and the Immigration Judge (IJ) issued an order *in abstentia* for his removal to Pakistan.

On 27 February 2004, Khan filed a motion with the IJ, seeking to rescind the removal order and to reopen his removal proceedings. His motion was denied because it did not assert any basis required under 8 U.S.C. § 1229a(b)(5)(C) for reopening of that hearing.

On 8 April 2004, Khan appealed the IJ's decision to the BIA, asserting, *inter alia*, for the first time that the IJ's removal order was unlawful and unconstitutional because his attorney did not receive service of his original Notice to Appear. In doing so, Khan alleged violations of 8 C.F.R. § 292.5(a) and his right to due process. On 20 September 2004, the BIA dismissed Khan's appeal, noting that his claim had *not* been raised before the IJ, and finding, *inter alia*, that his Notice of Appeal had been properly served.

The Government contends we lack jurisdiction to review Khan's due process claim because it was not raised before the IJ at his original removal hearing or in his motion to reopen. Although 8 U.S.C. § 1252(d)(1) permits our review of a final order of removal only when "the alien has exhausted all administrative remedies

2

available to the alien as of right", Khan fulfilled this requirement by raising his due process claim before the BIA. *See* **Wang v. Ashcroft**, 260 F.3d 448, 452-53 (5th Cir. 2001) ("An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance *before the BIA* – either on direct appeal or in a motion to reopen.") (emphasis added). The Government fails to cite, nor can we find, case law requiring Khan to have raised his due process claim before the IJ – either at his original hearing or in his motion to reopen. Therefore, we have jurisdiction to consider Khan's claims.

Khan asserts that 8 C.F.R. § 292.5(a) and his right to due process were violated when, although he received personal service of his Notice to Appear for removal proceedings, his attorney did not receive service. These claims are without merit.

The Code of Federal Regulations defines "service" in removal proceedings as "physically presenting or mailing a document to the appropriate party or parties", and further explains that "a Notice to Appear ... shall be served to the alien in person, or if personal service is not practicable, shall be served by regular mail to the alien or the alien's attorney of record". 8 C.F.R. § 1003.13. The certificate of service for Khan's Notice to Appear reflects that he was served in person and bears his signature, thus satisfying his service requirements. His hearing notice was subsequently mailed to his last known address, where he had been served in person less

than one month earlier.  Therefore, Khan received proper service under the regulations.

Khan claims that 8 C.F.R. § 292.5(a) requires that his attorney have also been served with the Notice to Appear.  That regulation requires certain types of notice to be served upon "the attorney or representative of record, or the person himself if unrepresented".  8 C.F.R. § 292.5(a).  Here, even if § 292.5(a) applies, the record does not indicate that Khan had an attorney in 2003 when served with the Notice to Appear.  Accordingly, we defer to the BIA's finding that 8 C.F.R. § 1003.13 is the controlling regulation.  Therefore, personal service on Khan was sufficient.  *Zmijewska v. Gonzales*, 426 F.3d 99, 102 (2d Cir. 2005) ("[W]e accord substantial deference to the [BIA's] interpretations of the statutes and regulations that it administers".) (alteration in original; internal citation and quotation marks omitted) (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984)).

*DENIED*