Bozena **ZMIJEWSKA, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General of the United States, Respondent.**

**Docket Nos. 03–4998, 03–40791.**

United States Court of Appeals, Second Circuit.

Argued: Sept. 15, 2005.

Decided: Oct. 6, 2005.

\* United States Attorney General Alberto R. Gonzales is substituted as Respondent. *See* Fed. R.App. P. 43(c)(2).

Ruchi Thaker, (Matthew L. Guadagno, Kerry W. Bretz, Jules E. Coven, of counsel) Bretz & Coven, LLP, New York, NY, for Petitioner.

Lashonda A. Hunt, Assistant United States Attorney (James P. Fleissner, Carole J. Ryczek, Assistant United States Attorneys, of counsel; Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, on the brief), United States Attorney's Office for the Northern District of Illinois, Chicago, IL, for Respondent.

Before: MESKILL and CABRANES, Circuit Judges, and MUKASEY, District Judge.**

JOSÉ A. CABRANES, Circuit Judge.

We consider here whether, in light of 8 U.S.C. § 1229c, a petitioner's failure to comply with a voluntary departure order renders her statutorily ineligible to receive an adjustment of status, or whether petitioner may instead seek equitable relief under certain extraordinary circumstances, such as a showing of ineffective assistance of counsel.

In the circumstances presented, we remand the cause to the Board of Immigration Appeals ("BIA") so that the BIA may clarify, based on its analysis of the text, structure, legislative history, and purpose of Section 240B of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1229c, whether Congress intended to permit courts, in the exercise of their equitable discretion, to grant exceptions to the ten-year ineligibility period imposed as a penalty for failure to comply with voluntary departure orders.

On remand, we further instruct the BIA to reconsider petitioner's claims in light of

** The Honorable Michael B. Mukasey, Chief Judge, United States District Court for the Southern District of New York, sitting by designation.

the Government's revelation at oral argument that petitioner's voluntary departure deadline was in fact November 8, 2002, rather than November 9, 2002, and therefore that petitioner's Board-accredited representative had not informed her of the existence of the BIA's voluntary departure order by the time her departure deadline passed.

## BACKGROUND

Bozena Zmijewska, a native and citizen of Poland, petitions this Court for review of an April 29, 2003 decision of the Board of Immigration Appeals ("BIA"), denying her motion to reopen immigration proceedings on the grounds that (1) petitioner's application was untimely, and (2) petitioner was statutorily ineligible for adjustment of status because she had remained in the United States after her BIA-ordered voluntary departure date, in violation of 8 U.S.C. § 1229c(d).[1] Zmijewska also petitions for review of a September 26, 2003 decision of the BIA, which conceded that her earlier motion to reopen had been timely but denied her motion for reconsideration on the basis that petitioner "had not shown 'exceptional circumstances' for her failure to comply with the voluntary departure order" and therefore "could ... not establish prima facie eligibility for adjustment of status."

## DISCUSSION

The question presented is whether, in light of 8 U.S.C. § 1229c, petitioner's failure to comply with a voluntary departure order renders her statutorily ineligible to receive an adjustment of status arising out of an employment offer, *see* 8 U.S.C. § 1255(a),[2] or whether petitioner may instead seek equitable relief from the provisions of 8 U.S.C. § 1229c(d) in the extraordinary circumstances presented here— namely, where: (1) petitioner relied on erroneous representations of an immigration agent advising her not to seek adjustment of status after receiving a labor certification but prior to the BIA's order of voluntary departure; (2) petitioner's Board-accredited representative failed to notify her of the existence of the BIA's voluntary removal order until the day after she was required to depart the United States; and (3) an Immigration Judge ("IJ") informed (or misinformed) petitioner on the record that even if she failed to depart voluntarily in accordance with a BIA order, she still could avoid becoming statutorily ineligible for further relief by demonstrating that "there were exceptional circumstances beyond [her] control."

In *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir.2000), we held that "[b]ecause there is no evidence that Congress intend-

---

**1.** 8 U.S.C. § 1229c(d) provides, in full, that
[i]f an alien is permitted to depart voluntarily under this section and fails voluntarily to depart the United States within the time period specified, the alien shall be subject to a civil penalty of not less than $1,000 and not more than $5,000, *and be ineligible for a period of 10 years for any further relief under this section and sections 1229b, 1255 [adjustment of status], 1258, and 1259 of this title.* The order permitting the alien to depart voluntarily shall inform the alien of the penalties under this subsection.
(emphases added).

**2.** 8 U.S.C. § 1255(a) provides, in relevant part, that
[t]he status of an alien ... may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1)the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

ed to enact a jurisdictional bar to untimely motions to reopen, the [filing deadline] for such motions may be equitably tolled to accommodate claims of ineffective assistance of counsel." In addressing this issue, we "beg[an] by asking [whether] there [is] good reason to believe that Congress did not want the equitable tolling doctrine to apply" to the statutory provision in question. *Id.* at 129. We then "examine[d] the text, structure, legislative history, and purpose of Congress's 1990 amendment to the INA," ultimately finding "no indication, either explicit or implicit, that Congress intended that this limitations period not be equitably tolled." *Id.* at 130.

Arguing by analogy to our holding in *Iavorski*, petitioner asserts that Section 240B(d) of the INA, 8 U.S.C. § 1229c, is not a jurisdictional statute and that Congress did not intend its ten-year bar against further relief to preclude all equitable exceptions. *See* Pet'r's Reply Br. at 10. In petitioner's view, "[i]f Congress [had] truly intended that no exceptions exist to overcome the ten-year bar, it would have explicitly stated that under no circumstances is there an exception to the bar." *Id.* Absent such a clear statement, petitioner asserts that "there is no reason why ineffective assistance of counsel cannot cure the ten-year bar." *Id.* at 11.

The Government draws the opposite inference from Congress's failure to specify whether 8 U.S.C. § 1229c(d) permits equitable exceptions, noting that prior to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the applicable statutory provision[3] pertaining to voluntary departure, 8 U.S.C. § 1252b(e)(2)(A) (repealed 1996), explicitly stated that:

any alien … who has agreed to depart voluntarily at his own expense … who remains in the United States after the scheduled date of departure, *other than because of exceptional circumstances,* shall not be eligible for [certain forms of] relief … for a period of 5 years after the scheduled date of departure or the date of unlawful entry, respectively.

(emphasis added). In the Government's view, the excision of the phrase "other than because of exceptional circumstances" from the pre-IIRIRA voluntary departure provision demonstrates Congress's desire to eliminate all equitable exceptions from the requirement of voluntary departure. Appellees' Br. at 19.

■ Pursuant to *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), we "accord substantial deference to the [BIA's] interpretations of the statutes and regulations that it administers." *Michel v. INS,* 206 F.3d 253, 262 (2d Cir.2000); *see also Brissett v. Ashcroft,* 363 F.3d 130, 133 (2d Cir.2004) (same). "In such circumstances, where the relevant statutory provision is silent or ambiguous, 'a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency.'" *Sutherland v. Reno,* 228 F.3d 171, 174 (2d Cir.2000) (quoting *Chevron,* 467 U.S. at 843–44, 104 S.Ct. 2778).

In its proceedings below, the BIA provided no clear resolution of the pivotal statutory question presented in this case. Rather, in its decisions of April 29, 2003 and September 26, 2003, the BIA provided directly contradictory assessments of whether the voluntary departure requirement of 8 U.S.C. § 1229c precludes courts

---

**3.** It is not disputed that because Zmijewska's removal proceedings commenced in September 1999, after the April 1, 1997 effective date of IIRIRA, judicial review is governed by the new voluntary departure provision codified at 8 U.S.C. § 1229c(d).

from granting equitable relief from the ten-year ineligibility period upon a finding of "exceptional circumstances."

In its April 29, 2003 decision, the BIA noted that "[s]ection 240B, unlike section 242B [of the INA] does not include a provision allowing a respondent to avoid the ineligibility period by showing 'exceptional circumstances' for failing to comply with a voluntary departure order." Aside from noting the excision of the "exceptional circumstances" language from the earlier statutory provision concerning voluntary departure, the BIA did not base its conclusion on any particular analysis of the "text, structure, legislative history, and purpose" of 8 U.S.C. § 1229c. *Cf. Iavorski,* 232 F.3d at 130.

Moreover, in its decision of September 26, 2003 responding to petitioner's motion for reconsideration, the BIA stated that "under section 240B of the [INA], 8 U.S.C. § 1229c, the respondent *had not shown 'exceptional circumstances'* for her failure to comply with the voluntary departure order. *Thus,* our prior decision found that the *respondent could still not establish prima facie eligibility for adjustment of status,* and denied the respondent's motion." (emphases added). Here, the BIA strongly suggested that 8 U.S.C. § 1229c may permit certain equitable exceptions and based its denial of petitioner's claim on its finding that petitioner failed to demonstrate that equitable relief was warranted in her case.

■ In the circumstances presented, we remand the cause to the BIA so that the BIA may clarify, based on its analysis of the text, structure, legislative history, and purpose of INA § 240B, 8 U.S.C. § 1229c, whether Congress intended to permit courts, in the exercise of their equitable discretion, to grant exceptions to the ten-year ineligibility period imposed for failure to comply with voluntary departure orders.

Because of the obvious importance of this question, we trust the BIA can respond to this remand expeditiously.

■ At oral argument, the Government informed us that the parties, as well as the BIA, have thus far labored under the misimpression that the BIA's thirty-day voluntary departure order—which was issued on October 9, 2002—required petitioner to depart the United States by no later than midnight on November 9, 2002, which was the same day that her Board-accredited representative informed her of the existence of the BIA's departure order. In fact, as the Government now stipulates, the BIA's order required petitioner to depart by midnight on November 8, 2002, which was one day prior to her learning of the order's existence. Because we cannot know whether the BIA would have concluded that petitioner failed to show "exceptional circumstances" had it been aware of this important fact, we instruct the BIA on remand to reconsider petitioner's claims in light of the Government's revelation at oral argument that petitioner's voluntary departure deadline was in fact November 8, 2002, rather than November 9, 2002.

CONCLUSION

This panel retains jurisdiction to rule upon the instant petition and decide the issues on appeal following the disposition of the remand. *See Shi Liang Lin v. DOJ,* 416 F.3d 184, 192 (2d Cir.2005) (retaining jurisdiction to decide issues on appeal following remand to the BIA); *cf. United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994) (retaining jurisdiction while remanding to the district court for supplementation of the record).

\*    \*    \*    \*    \*    \*

For the reasons stated above, we **REMAND** the cause to the BIA with instructions to (1) clarify, based on an analysis of

the text, structure, legislative history, and purpose of INA § 240B, 8 U.S.C. § 1229c, whether Congress intended to permit courts, in the exercise of their equitable discretion, to grant exceptions to the ten-year ineligibility period imposed for failure to comply with voluntary departure orders; and (2) reconsider petitioner's claims in light of the Government's revelation at oral argument that petitioner's voluntary departure deadline was in fact November 8, 2002, rather than November 9, 2002.