**Krikor ATAMIAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**Nos. 04–74711, 06–70274.**

United States Court of Appeals, Ninth Circuit.

Submitted July 1, 2008.*

Filed July 11, 2008.

Ruben N. Sarkisian, for Petitioner.

Krikor Atamian, Van Nuys, CA, pro se.

Jeffrey L. Menkin, OIL, DOJ—U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Krikor Atamian, a native of Lebanon and a citizen of Canada, petitions for review of the Board of Immigration Appeals' ("BIA") orders dismissing his appeal from an immigration judge's ("IJ") grant of 120 days of voluntary departure (No. 04–74711), and denying his motion to reopen proceedings based on ineffective assistance of counsel (No. 06–70274). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We dismiss the petition for review in No. 04–74711, and we grant the petition for review in No. 06–70274.

We lack jurisdiction to review the BIA's August 20, 2004 order because the BIA properly concluded that the IJ's decision became final after Atamian waived appeal. Atamian was aware that his counsel would seek a 120–day voluntary departure period in exchange for his right to appeal and was apprised by counsel about what voluntary departure entailed. *Cf. Biwot v. Gonzales*, 403 F.3d 1094, 1098 (9th Cir.2005) ("Because the waiver of appeal was not knowing and considered, the waiver does not strip us of jurisdiction.").

In its order denying Atamian's motion to reopen, the BIA stated that Atamian had been "severely prejudiced" by his prior counsel's advice to file an appeal, but that

there was "no remedy in the immigration laws" for an alien who failed voluntarily to depart based on his counsel's advice. In light of the BIA's subsequent decision in *Matter of Zmijewska*, 24 I. & N. Dec. 87 (BIA 2007), we remand for the BIA to consider whether Atamian "voluntarily" failed to depart.

**No. 04–74711: PETITION FOR REVIEW DISMISSED.**

**No. 06–70274: PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

