**Claudia Angelica VICTORIA–MUNOZ, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 08–70258.

United States Court of Appeals, Ninth Circuit.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted June 16, 2008.\*

Filed July 2, 2009.

John E. Ricci, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Andrea Gevas, Jeffrey Lawrence Menkin, Trial, OIL, Stacy Stiffel Paddack, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PAEZ, TALLMAN and N.R. SMITH, Circuit Judges.

MEMORANDUM \*\*

Claudia Angelica Victoria–Munoz, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals order denying her motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *De Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004) (as amended on denial of rehearing en banc). We deny in part and dismiss in part the petition for review.

The Board did not abuse its discretion in denying Victoria–Munoz's motion to reopen because it was untimely and because it did not establish prima facie eligibility for relief. *See* 8 C.F.R. § 1003.2(c) (setting forth 90–day period for filing motion to reopen); 8 U.S.C. § 1229c(d) (explaining that failure to voluntarily depart results in ten-year bar to certain forms of relief, including cancellation of removal); *De Martinez v. Ashcroft*, 374 F.3d at 763–64 (explaining that Board may properly deny motion to reopen filed after expiration of voluntary departure period). Contrary to Victoria–Munoz's contention, the Board did not abuse its discretion in denying her unsupported claim for equitable tolling of the time either to voluntarily depart or to file a motion to reopen. *See Iturribarria v. INS*, 321 F.3d 889, 897–98 (9th Cir.2003) (allowing for the possibility of tolling if petitioner can establish she acted with due diligence in discovering deception, fraud or error that prevented her from timely filing motion to reopen); *In re Zmijewska*, 24 I. & N. Dec. 87 (BIA 2007) (recognizing neither Board nor courts have authority to recognize equitable exceptions to penalty provisions for voluntary failure to depart).

To the extent Victoria–Munoz challenges the Board's refusal to reopen proceedings sua sponte, we dismiss the petition for lack of jurisdiction. *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.