**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GABRIELA DE LA TORRE GASPAR, | No. 07-72364 |
| Petitioner, | Agency No. A097-363-006 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010[**]

Before:    BEEZER, TROTT, and BYBEE, Circuit Judges.

Gabriela De La Torre Gaspar, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying her motion to

reopen.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

NHY/Research

discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and de novo questions of law, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny the petition for review.

The BIA did not abuse its discretion in denying De La Torre Gaspar's motion to reopen because it was untimely and because it did not establish prima facie eligibility for relief. *See* 8 C.F.R. § 1003.2(c)(2) (motion to reopen generally must be filed within 90 days of the final order); *De Martinez v. Ashcroft*, 374 F.3d 759, 763-64 (9th Cir. 2004) (the BIA may properly deny motion to reopen filed after expiration of voluntary departure period).

Contrary to De La Torre Gaspar's contention, the BIA did not abuse its discretion in denying her unsupported claim for equitable tolling of the time either to voluntarily depart or to file a motion to reopen. *See In re Zmijewska*, 24 I. & N. Dec. 87, 92 (BIA 2007) (recognizing neither BIA nor courts have authority to create equitable exceptions to penalty provisions for failure to depart voluntarily); *Iturribarria*, 321 F.3d at 897-98 (equitable tolling available if petitioner establishes due diligence in discovering deception, fraud or error that prevented timely filing a motion to reopen). Petitioner's due process claim therefore fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process challenge).

In light of our disposition, we need not reach Petitioner's remaining contentions.

**PETITION FOR REVIEW DENIED.**