**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANAHIT ANTONYAN, | No. 06-70969 |
| Petitioner, | Agency No. A075-650-764 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2010[**]
Pasadena, California

Before: D.W. NELSON and GOULD, Circuit Judges, and GWIN, District Judge.[***]

Anahit Antonyan, a native and citizen of Armenia, petitions for review of

the Board of Immigration Appeals' ("BIA") decision denying her motion to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We deny the petition.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 890 (9th Cir. 2002). We find no such abuse here. If an alien is aware of her voluntary departure deadline, fails to depart before that deadline, and then files a motion to reopen, the BIA must deny the motion. *Granados-Oseguera v. Mukasey*, 546 F.3d 1011, 1015 (9th Cir. 2008) (per curiam); *see also Matter of Zmijewska*, 24 I. & N. Dec. 87 (BIA 2007). This is true even if counsel represents to the alien that counsel will move for a stay of voluntary departure and that the alien may remain in the United States safely and legally. *Granados-Oseguera*, 546 F.3d at 1013, 1016; *Zmijewska*, 24 I. & N. Dec. at 93-95. Antonyan acknowledges that she received a copy of this court's order indicating that her stay of voluntary departure would expire upon the issuance of this court's mandate, and acknowledges that she did not depart before her period of voluntary departure expired. The BIA was correct to dismiss her motion to reopen.

**PETITION DENIED.**