**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2167
_____

ALEX DORMEVIL,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A079-494-360)
Immigration Judge: Alberto Riefkohl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 6, 2011

Before:  RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: April 7, 2011)
_____

OPINION
_____

PER CURIAM

   Alex Dormevil, a citizen of Haiti, seeks review of a Board of Immigration Appeals

(BIA) decision that upheld an Immigration Judge's (IJ) denial of Dormevil's motion to

reconsider the IJ's earlier denial of a motion to reopen removal proceedings.  For the

reasons that follow, we will deny the petition for review.

I.

Dormevil fled from Haiti to Canada on October 8, 1999. That same day, Dormevil was issued a B-1 nonimmigrant visitor visa from the United States Embassy in Montreal, and he entered the United States following inspection in New York. Dormevil overstayed the time permitted by the B-1 visa. In October 2003, he married a naturalized United States citizen. In September 2004, Dormevil was issued a notice to appear. He was charged with being removable under 8 U.S.C. § 1182(a)(6)(A)(i) ("An alien present in the United States without being admitted or paroled . . . is inadmissible."). To block his removal, Dormevil applied for asylum, claiming a fear of persecution both by government officials and by Fanmi Lavalas—the political party of former Haitian president Jean-Bertrand Aristide—on account of Dormevil's political activities when he lived in Haiti.[1]

On the advice of his former counsel, Pierre Eloi, Dormevil withdrew his asylum application and accepted a grant of voluntary departure from IJ Daniel Meisner on July 26, 2005. Eloi advised Dormevil that if his United States citizen spouse were to file a Form I-130 Petition for Alien Relative sometime in the future, then Dormevil could reopen removal proceedings in order to adjust his status to that of a lawful permanent resident. Apparently, and although IJ Meisner had done so in writing, Eloi did not inform

---

[1] The substance of the asylum application was inconsistent with a U.S.-arrival date of October 8, 1999.

2

Dormevil that his failure to comply with the voluntary departure order would render Dormevil ineligible for adjustment of status—and many other forms of immigration relief—for a period of ten years, pursuant to 8 U.S.C. § 1229c(d)(1)(B). Eloi did, however, advise Dormevil by letter dated July 27, 2005, that "only exceptional circumstances will except you from leaving as promised." (AR 14.)[2]

At some point, Dormevil's wife filed an I-130 petition, and it was approved by USCIS in February 2008. Based on the approved I-130 petition, Dormevil moved to reopen removal proceedings in order to adjust his status. IJ Alberto Riefkohl denied the motion on the ground that Dormevil could not show eligibility for adjustment of status, solely due to his failure to produce evidence of proper entry into the United States. Dormevil filed a motion for reconsideration and submitted evidence of his lawful entry from Canada. IJ Riefkohl denied the motion for reconsideration, invoking § 1229c(d)(1)(B) as an alternative basis for refusing to reopen removal proceedings. Dormevil, with new counsel, appealed to the BIA, claiming for the first time that Eloi provided ineffective assistance in failing to advise Dormevil about the penalties for failure to voluntary depart.

The BIA dismissed Dormevil's appeal. The BIA agreed with IJ Riefkohl that § 1229c(d)(1)(B) renders Dormevil ineligible for adjustment of status for a period of ten

---

[2] Eloi was incorrect. The "exceptional circumstances" exception had been eliminated almost a decade earlier by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 110 Stat. 3009-546. In re Zmijewska, 24 I. & N. Dec. 87, 90 (2007).

years, a fact justifying the denial of Dormevil's motion for reconsideration. The BIA thus found that the approved I-130 petition was "of little consequence." (AR 4.) In addition, the BIA determined that it "lack[ed] the authority to apply an 'exceptional circumstances' or other general equitable exception to the penalty provisions for failure to depart." (AR 4.) The BIA also determined that, to the extent Dormevil claimed that his failure to depart was the result of ineffective assistance of counsel, Dormevil had failed to comply with the procedural requirements of In re Lozada, 19 I. & N. Dec. 637 (1988). Finally, the BIA noted that, its decision notwithstanding, "a statement released by the Department of Homeland Security on January 13, 2010, reflects that 'all removals to Haiti [have been halted] for the time being in response to the devastation caused by [the] earthquake.'" (AR 5.) This petition for review followed.

## II.

We have jurisdiction under 8 U.S.C. § 1252. Kucana v. Holder, --- U.S. ---, 130 S. Ct. 827, 840 (2010). We generally review only the decision of the BIA, but we can look to the IJ's findings of fact or rulings on particular claims insofar as the BIA expressly deferred to them. See Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010). The denial of a motion for reconsideration under 8 C.F.R. § 1003.2(b), like the denial of a motion to reopen 8 C.F.R. § 1003.2(c), is reviewed for abuse of discretion. See INS v. Doherty, 502 U.S. 314, 323 (1992); Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2003).

4

III.

The BIA did not abuse its discretion in affirming IJ Riefkohl's denial of Dormevil's motion for reconsideration. Such motions essentially request that the agency reexamine a particular decision "in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." In re Ramos, 23 I. & N. Dec. 336, 338 (BIA 2002) (en banc) (citations and internal quotations omitted). In this case, Dormevil's motion to reopen removal proceedings in order to adjust status was legally frivolous, given the dictates of § 1229c(d)(1)(B). Accordingly, reexamination of IJ Riefkohl's first decision (denying reopening) would have been futile, and the BIA's affirmance of IJ Riefkohl's second decision (denying reconsideration) was proper.

As we stated earlier in this opinion, on July 26, 2005, IJ Meisner ordered Dormevil to voluntarily depart the United States prior to November 22, 2005. (AR 82.)[3] Despite written notice that his "remaining in the United States beyond the authorized date [would] result in . . . being found ineligible for certain forms of relief under the Immigration and Nationality Act," including "[a]djustment of status or change of status as provided for in [INA] Section[s] 245, 248 or 249" (AR 84), Dormevil did not leave the United States. Dormevil claims that his failure to depart was not 'voluntary,' given Eloi's bad advice. We agree with the BIA, however, that Dormevil's claim must fail at the outset because his motions before the IJ did not substantially comply with the

---

[3] IJ Meisner's order noted that Dormevil was declining to adjust his status at that time in light of his "fraudulent" I-589 form. (AR 82.)

5

procedural requirements for raising an ineffective assistance claim under <u>Lozada</u>.  <u>See</u>

<u>Rranci v. Att'y Gen.</u>, 540 F.3d 165, 172 (3d Cir. 2008) (outlining those requirements); <u>Lu</u>

<u>v. Ashcroft</u>, 259 F.3d 127, 129 (3d Cir. 2001) (holding that "the <u>Lozada</u> requirements are

a reasonable exercise of the Board's discretion.").[4]  Relatedly, we reject Dormevil's

claim that the BIA abused its discretion in declining to remand proceedings to the IJ for

consideration of a procedurally deficient ineffective assistance claim.

Accordingly, Dormevil's  petition for review will be denied.

---

[4]  In discussing permissible exceptions to § 1229c(d)(1)(B), the BIA referenced its precedent holding that an alien's failure to depart is not "voluntary" where the alien, "through no fault of his or her own, is unaware of the voluntary departure order or is physically unable to depart."  <u>In re Zmijewska</u>, 24 I. & N. Dec. at 94.  The BIA's opinion in <u>In re Zmijewska</u> stressed that this "involuntariness" exception to § 1229c(d)(1)(B), was not a "substitute for the repealed 'exceptional circumstances' exception," <u>id.</u>; in fact, the scope of the exception was much narrower than that of its predecessor.  Dormevil does not address—and this is not the proper case to confront the question of—whether the BIA's interpretation of the phrase "fails voluntarily to depart the United States," found in § 1229c(d)(1)(B), should be accorded deference under <u>Chevron v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837 (1984).  We thus leave that inquiry for another day.