**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 08 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAUL ALEJO VALDIVIAS, | No. 07-72659 |
| Petitioner, | |
| | Agency No. A077-839-544 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 13, 2011
San Francisco, California

Before: HUG and PAEZ, Circuit Judges, and WATSON, District Judge.[**]

Raul Alejo Valdivias ("Petitioner"), a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

February 7, 2007 motion to reopen removal proceedings based on the ineffective

assistance of Petitioner's former counsel, Walter Pineda ("Pineda"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Michael H. Watson, United States District Judge for
the Southern District of Ohio, sitting by designation.

jurisdiction under 8 U.S.C. § 1252, and review the BIA's denial of a motion to reopen for abuse of discretion. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We grant the petition for review and remand.

We first hold that the BIA abused its discretion in denying Petitioner's motion to reopen on the grounds that it was both time and numerically barred. In finding that equitable tolling did not apply, the BIA erroneously concluded that Petitioner had not demonstrated due diligence on his own behalf because he, for "unexplained" reasons, waited almost one year to file a claim of ineffective assistance of counsel. Until November 2006, however, Petitioner was represented by Pineda, who could not have been expected to file an ineffective assistance claim implicating his own defective conduct. *See Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1226 n.3 (9th Cir. 2002). Upon learning that he was no longer represented by Pineda, Petitioner acted diligently to seek out and retain current counsel, who, in turn, promptly sought Petitioner's file from Pineda and filed the February 7, 2007 motion to reopen within one month of her retention. Moreover, Petitioner, a layperson and non-English speaker, cannot be expected to have definitively learned of Pineda's deficient representation until he consulted with his current counsel. *See id*. at 1225; *Iturribarria v. INS*, 321 F.3d 889, 899 (9th Cir. 2003).

Second, we hold that the BIA abused its discretion in denying Petitioner's motion on the grounds that he is ineligible for cancellation of removal because he overstayed his voluntary departure period. The BIA correctly noted that Petitioner had overstayed his period of voluntary departure as of the filing of his motion on February 7, 2007. However, the BIA abused its discretion by failing to consider whether Petitioner voluntarily failed to depart the country during the period of voluntary departure. *See Mohammed*, 400 F.3d at 792–93 ("the BIA must issue a decision that fully explains the reasons for denying a motion to reopen" and "is obligated to consider and address in its entirety the evidence submitted by a petitioner").

Pursuant to 8 U.S.C. § 1229c(d)(1) a petitioner who "is permitted to depart voluntarily . . . and *voluntarily* fails to depart the United States within the time period specified" is subject to penalties including ineligibility for cancellation of removal for a period of ten years. 8 U.S.C. § 1229c(d)(1) (emphasis added). Such penalties may not apply to an alien who does not voluntarily fail to depart within the period of voluntary departure due to the ineffective assistance of counsel. *See Matter of Zmijewska*, 24 I. & N. Dec. 87, 94 (BIA 2007).

Here, the circumstances of this case strongly support Petitioner's argument that he did not *voluntarily* fail to depart. Although Petitioner was informed of his

3

obligation to depart the country first by the immigration judge and then by the BIA, the record does not show that he understood the deadline by which he was required to do so. Nor is that deadline obvious. To illustrate: on February 16, 2006, four days before Petitioner's voluntary departure period ran, Pineda filed an initial motion to reopen which, under the law of our circuit at that time, served to toll the voluntary departure date. *See Barroso v. Gonzales*, 429 F.3d 1195, 1205 (9th Cir. 2005); *Nevarez Nevarez v. Holder*, 572 F.3d 605, 609 (9th Cir. 2009). The fact that the state of the law has now changed, *see Dada v. Mukasey*, 554 U.S. 1 (2008), merely underscores Petitioner's argument that he would not have known how the voluntary departure rules applied to his specific case without proper legal counsel. Notably, there is no evidence in the record that Pineda ever advised Petitioner of the final day on which he was required to depart.

Accordingly, we grant the petition for review and remand to the BIA to consider whether Petitioner voluntarily failed to depart. If the BIA finds he did not voluntarily fail to depart, Petitioner remains eligible for cancellation of removal, and consideration of his February 7, 2007 motion to reopen would be required.

**PETITION FOR REVIEW GRANTED; REMANDED.**