[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14405

Non-Argument Calendar

_____

ROBERT KESSE,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. 096-441-960

_____

Before WILSON, LUCK, and MARCUS, Circuit Judges.

PER CURIAM:

Robert Kesse, an Ivory Coast national proceeding through counsel, seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his motion to reopen his removal proceedings. Before he filed the motion to reopen, the IJ had granted him voluntary departure and entered an alternate order of removal, but Kesse failed to depart by the voluntary departure deadline. In the instant petition, Kesse argues that: (1) the penalties for failing to voluntarily depart -- which make him ineligible for adjustment of status for 10 years -- do not apply to him because the government failed to remove him after he provided his plane ticket and luggage and signed a request for travel documents; and (2) the BIA erred by determining that his motion was untimely. After careful review, we deny the petition for review.

I.

We only review the final BIA determination unless the BIA expressly adopts the IJ's decision or relies upon its reasoning. *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009). We have an obligation to inquire into our own jurisdiction *sua sponte*, and we review jurisdictional questions *de novo*. *Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 866 (11th Cir. 2018). We lack jurisdiction to review a BIA decision not to *sua sponte* reopen removal proceedings, but

we can consider the denial of a motion to reopen pursuant to statutory requirements, the BIA's legal reasoning, and the sufficiency of the decision. *Id.* at 871.

We review the denial of a motion to reopen removal proceedings for abuse of discretion, but review claims of legal error *de novo*. *Id.* at 872. Eligibility for adjustment of status is a legal conclusion. *See Alvarez Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1197 n.14 (11th Cir. 2008). The BIA abuses its discretion if it exercises its discretion arbitrarily or capriciously. *Lin*, 881 F.3d at 872. The party moving to reopen bears a heavy burden because those motions are disfavored, especially in removal proceedings. *Id.* When a movant seeks to adjust his status, the BIA has discretion to deny the motion because he failed to establish a *prima facie* case of eligibility for adjustment of status. *Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1286 (11th Cir. 2008). The BIA generally cannot engage in *de novo* factfinding on appeal. *See* 8 C.F.R. § 1003.1(d)(3).

We review whether the BIA afforded a petition reasoned consideration *de novo*. *Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1333 (11th Cir. 2019). The BIA must consider the issues raised and announce its decision in terms sufficient to enable review. *See Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1302 (11th Cir. 2015). We have sustained reasoned consideration claims in three general circumstances: when the BIA (1) misstates the contents of the record, (2) fails to adequately explain its rejection of logical conclusions, or (3) provides justifications for its decision which are unreasonable and unresponsive to arguments in the record. *Ali*, 931 F.3d at 1334.

4                    Opinion of the Court                    21-14405

The BIA need not discuss all record evidence but must implicitly or explicitly acknowledge highly relevant evidence that would compel a different outcome absent discussion of the evidence. *Id.*; *Farah v. U.S. Att'y Gen.*, 12 F.4th 1312, 1329 (11th Cir. 2021).

A petitioner seeking review of a BIA decision abandons issues not raised in his brief on appeal. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). We can consider an abandoned issue *sua sponte* only if a forfeiture exception applies and extraordinary circumstances warrant review. *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir.) (*en banc*), *cert. denied*, 2022 WL 4651666 (Oct. 3, 2022).

II.

We are unpersuaded by Kesse's argument that the BIA abused its discretion in concluding that he had not established that his failure to depart was involuntary. An alien who is granted voluntary departure but voluntarily fails to depart within the allotted time is ineligible for adjustment of status pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255(a), as well as other forms of relief, for 10 years. 8 U.S.C. § 1229c(d)(1)(B). The BIA has concluded that, under the "voluntariness exception," an alien who is physically unable to depart through no fault of his own is not subject to the penalty for failing to depart. *In re Zmijewska*, 24 I&N Dec. 87, 94 (BIA 2007). As a condition of voluntary departure prior to the completion of removal proceedings, an alien must present the Department of Homeland Security ("DHS") his passport or other travel document sufficient to assure entry into the country

21-14405              Opinion of the Court              5

to which he is departing unless a travel document is unnecessary or the DHS already possesses the document.    8 C.F.R. § 1240.26(b)(3)(i).

Here, the BIA did not abuse its discretion in concluding that Kesse failed to show that his failure to depart was involuntary and, therefore, that he failed to establish a *prima facie* case of eligibility for removal.  *See Chacku*, 555 F.3d at 1286; *Alvarez-Acosta*, 524 F.3d at 1197 n.14; 8 U.S.C. § 1229c(d)(1)(B).  As we've explained, Kesse sought to show that the penalties for failing to voluntarily depart -- which include making him ineligible for adjustment of status for 10 years -- did not apply to him.  In order to do so, he needed to provide the DHS with a travel document sufficient to assure his entry into the Ivory Coast.  8 C.F.R. § 1240.26(b)(3)(i).

But, as the record reflects, Kesse only offered as evidence an expired passport, tickets to fly to the Ivory Coast, and a *post-deadline* e-mail from his counsel to ICE asking for his removal to be expedited.  He also said in his motion that his counsel had delivered his ticket and luggage to ICE, and the record indicated that he was detained.  These materials -- and, in particular, the expired passport -- were insufficient to establish a prima facie case of eligibility for removal.  *See id.*  As for his claim that he signed a request for a travel document from the Ivory Coast's embassy, we can find nothing in the record to support it.

As for the BIA's refusal to consider new evidence Kesse offered on appeal, this decision was proper, and, in any event, he has abandoned any challenge to that refusal.  *See* 8 C.F.R. §

1003.1(d)(3); *Sepulveda*, 401 F.3d at 1228 n.2. He also has abandoned any argument that the BIA failed to afford him reasoned consideration and, again, the record reveals that the BIA sufficiently considered the issue of voluntariness. *See Sepulveda*, 401 F.3d at 1228 n.2. Finally, because we conclude that the BIA did not abuse its discretion in affirming the IJ's denial of his motion to reopen his removal proceedings, we need not address whether the motion was untimely.

**PETITION DENIED.**