**ZHI PAI LIU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–2573–ag.

United States Court of Appeals,
Second Circuit.

Sept. 7, 2007.

Robert J. Adinolfi, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Aviva L. Poczter, Senior Litigation Counsel, Stephen M. Elliot, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Zhi Pai Liu, a citizen of the People's Republic of China, seeks review of a May

3, 2006 order of the BIA denying his motion to reopen his immigration proceedings. *In re Zhi Pai Liu*, No. A78 331 266 (BIA May 3, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *see also Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001).

Upon our review of the record, we find that the BIA did not abuse its discretion in denying Liu's untimely motion to reopen. The BIA may properly deny a motion when the movant fails to establish prima facie eligibility for the relief sought. *INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). In his motion to reopen, Liu argued that he would become eligible to adjust his status because his wife had been granted asylum and had filed an I–730 petition on his behalf. However, as the BIA properly noted, Liu's failure to comply with the voluntary departure order issued in his case rendered him ineligible to adjust his status. *See* 8 U.S.C. § 1229c(d) (an alien who violates a voluntary departure order is subject to certain penalties, including ineligibility for adjustment of status for a period of ten years); *see also Singh v. Gonzales*, 468 F.3d 135, 136–37 (2d Cir.2006); *Matter of Zmijewska*, 24 I. & N. Dec. 87, 90–95 (BIA 2007). Unlike the petitioner in *Matter of Zmijewska*, Liu has never asserted that he was not informed of the voluntary departure order contained in the IJ's original decision, or of its reinstatement following the BIA's March 2004 decision. *Cf. Zmijewska*, 24 I. & N. Dec. at 90–95. Therefore, Liu's motion to reopen was properly denied because he was unable to demonstrate his prima facie eligibility for relief. *See Abudu*, 485 U.S. at 104–05, 108 S.Ct. 904.

Because Liu was not prima facie eligible for relief, we need not reach the balance of his arguments which seek to establish an exception to the filing deadline for motions to reopen—especially where those arguments were largely unexhausted.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal previously granted is VACATED.