**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KRIKOR ATAMIAN, | No. 08-75032 |
| Petitioner, | |
| | Agency No. A078-440-480 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2010[**]
Pasadena, California

Before: D.W. NELSON and GOULD, Circuit Judges, and GWIN, District Judge.[***]

Krikor Atamian, a native of Lebanon and citizen of Canada, petitions for

review of the Board of Immigration Appeals' ("BIA") denial of his motion to

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

reopen removal proceedings on the basis of ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

We review the denial of a motion to reopen for an abuse of discretion. *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007). "Aliens who seek to remand or reopen proceedings to pursue relief bear a heavy burden of proving that, if proceedings were reopened, the new evidence would likely change the result of the case." *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (internal quotation marks omitted).

The BIA did not abuse its discretion in denying Atamian's motion to reopen because he would be ineligible for relief if proceedings were reopened. Atamian did not leave the United States within the 120-day voluntary departure period granted by the Immigration Judge. This makes him ineligible for discretionary relief from removal for a period of ten years. 8 U.S.C. § 1229c(d)(1).

Atamian seeks an exception to section 1229c(d)(1) because counsel erroneously advised him to remain in the United States and file an appeal, despite Atamian's having previously waived appeal in exchange for an extended voluntary departure period. Section 1229c(d)(1), however, does not permit exceptions for ineffective assistance of counsel. *Granados-Oseguera v. Mukasey*, 546 F.3d 1011, 1016 (9th Cir. 2008) (per curiam); *see also Matter of Zmijewska*, 24 I. & N. Dec.

2

87, 92 (BIA 2007) ("Congress has not given the Board or the courts authority to recognize equitable exceptions . . . beyond those specifically provided in the voluntary departure provisions."). Atamian argues that counsel's erroneous advice renders his failure to depart involuntary under the BIA's decision in *Matter of Zmijewska*. But unlike the petitioner in *Zmijewska*, Atamian was aware of the voluntary departure period, the consequences for failing to depart, and the fact that he had waived his right to appeal.[1] *See* 24 I. & N. Dec. at 94–95. The conduct of Atamian's counsel, if he acted as alleged, does not excuse Atamian from having "voluntarily fail[ed]" to leave the United States within the voluntary departure period. 8 U.S.C. § 1229c(d)(1).

**PETITION DENIED.**

---

[1] Atamian has not alleged that he was physically unable to leave the United States within the voluntary departure period.