**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALAA GHASSOUB OBEID,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-72944<br><br>Agency No. A095-282-938<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 12, 2012
San Francisco, California

Before: NOONAN, McKEOWN, and M. SMITH, Circuit Judges.

Alaa Ghassoub Obeid petitions for review of a decision of the Board of

Immigration Appeals (the Board).  We hold that the Board erred in its disposition

and remand for proceedings consistent with our decision.

The immigration judge (IJ) denied Obeid's application for adjustment of

status, finding Obeid inadmissible under 8 U.S.C. § 1182(a)(2)(I) both as a money

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

launderer and as an "aider and assister" to a money laundering scheme. The Board affirmed Obeid's inadmissibility under 8 U.S.C. § 1182(a)(2)(I)(ii) as an aider and assister to a money laundering scheme. The Board did not address Obeid's inadmissibility under § 1182(a)(2)(I)(i) as a money launderer.

We review whether there is substantial evidence in support of the IJ's factual determinations, reversing only if no reasonable factfinder could reach the IJ's determination. *See Lim v. INS*, 224 F.3d 929, 933 (9th Cir. 2000). Questions of law are reviewed by us de novo. *Id.*

The parties agree that it is Obeid's burden to prove that he is "clearly and beyond doubt" admissible and not inadmissible. *See Blanco v. Mukasey*, 518 F.3d 714, 720 (9th Cir. 2008). The parties dispute whether Obeid is inadmissible as an aider of money laundering.

8 U.S.C. § 1182(a)(2)(I) states:

Any alien--
(i) who a consular officer or the Attorney General knows, or has reason to believe, has engaged, is engaging, or seeks to enter the United States to engage, in an offense which is described in section 1956 or 1957 of Title 18 (relating to laundering of monetary instruments); or
(ii) who a consular officer or the Attorney General knows is, or has been, a knowing aider, abettor, assister, conspirator, or colluder with others in an offense which is described in such section; is inadmissible.

2

The phrase "knows, or has reason to believe" in § 1182(a)(2)(I)(i) is common in § 1182(a). *See* § 1182(a)(2)(C); § 1182(a)(2)(H); § 1182(a)(3). As interpreted by the IJ, the reason to believe standard is analogous to the probable cause standard. *See United States v. Gorman*, 314 F.3d 1105, 1110-11 (9th Cir. 2002); *Lopez-Molina v. Ashcroft*, 368 F.3d 1206, 1209 (9th Cir. 2004) (holding conviction not required to establish reason to believe); *Alarcon-Serrano v. INS*, 220 F.3d 1116, 1119 (9th Cir. 2000).

Section 1182(a)(2)(I)(ii) is unusual in that it is the only instance in § 1182(a) in which "the Attorney General knows" is not followed by "or has reason to believe." The Attorney General's knowledge is a narrower standard than "reason to believe." The parties do not cite dispositive case law establishing what knowledge is required. Clearly, the Attorney General's knowledge does not require a conviction given that earlier parts of § 1182(a) explicitly require convictions for purposes of inadmissibility. *See* § 1182(a)(2)(A).

A short answer to the question before us is arguably provided by section 1956(h) of the Laundering of Monetary Instruments Act, which provides:

> Any person who conspires to commit any offense defined in this section or section 1967 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

As Obeid was originally indicted as a co-conspirator of Sammy in money laundering, a grand jury had found probable cause to come to this conclusion. The IJ apparently thought that § 1182(a)(2)(I)(i) was a sufficient basis for his conclusion.

The Board, however, explicitly rested its decision on subsection (ii) of the statute that requires knowledge by the Attorney General not merely "reason to believe." The Attorney General's knowledge that Obeid had been "a knowing aider, abetter, assister, conspirator, or colluder" was not documented by the Board. The Board also failed to clarify the basis for the standard under subsection (ii) and did not distinguish between this standard under subsection (ii) and the "reason to believe" standard under subsection (i).

Accordingly, we must remand. It remains open to the Board to affirm the IJ's reasoning under subsection (i), or to articulate a standard for establishing knowledge by the Attorney General. We do not substitute our judgment for that of the Board. *INS v. Ventura*, 527 U.S. 12 (2002).

**REVERSED** AND **REMANDED**.