**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALAA GHASSOUB OBEID,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.   13-70693

Agency No. A095-282-938

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 5, 2016
San Francisco, California

Before: BERZON, and N.R. SMITH, Circuit Judges, and ZOUHARY,[**] District
Judge.

    In 2004, after being charged with removability, petitioner Alaa Obeid

applied for adjustment of status to that of a person admitted for lawful permanent

residence on the basis of his marriage to a U.S. citizen.  *See* 8 U.S.C. § 1255(a).

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]    The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

Obeid had been indicted for conspiracy to commit money laundering, but the indictment was dismissed as part of a plea agreement. An immigration judge ("IJ") ruled, on the basis of the indictment, that Obeid was inadmissible — and thus ineligible to adjust his status — under 8 U.S.C. § 1182(a)(2)(I). The Board of Immigration Appeals ("BIA") affirmed, concluding that Obeid was an "aider or assister" of money laundering under 8 U.S.C. § 1182(a)(2)(I)(ii). After this court granted a petition for review, *Obeid v. Holder*, 484 F. App'x 189, 191 (9th Cir. 2012), the BIA again affirmed, holding that there was "reason to believe" that Obeid had engaged in money laundering under 8 U.S.C. § 1182(a)(2)(I)(i). Obeid challenges that determination. We grant the petition.

1. The BIA erred in relying on the purported testimony of Detective O'Brien that the indictment was not dismissed for lack of probable cause. The BIA misstates the record; in fact, Detective O'Brien did not testify at all about the government's reasons for dismissing the indictment.

2. The BIA further erred in determining that the indictment, standing alone, constituted "reason to believe" that Obeid engaged in money laundering.[1] The indictment charged Obeid only with *conspiracy* to commit money laundering.

---

[1] The government conceded at oral argument that the BIA relied solely on the dismissed indictment.

Even assuming that participation in a conspiracy to commit money laundering constitutes "reason to believe" that the participant in fact engaged in money laundering, the evidence in this case falls short. A dismissed indictment, without more, does not constitute "reason to believe" that the defendant committed the crime charged.

3. We do not decide whether Obeid's divorce during the course of these proceedings automatically invalidates his application for adjustment of status under 8 C.F.R. § 205.1(a)(3)(i)(D). "Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002); *see also Gonzales v. Thomas*, 547 U.S. 183 (2006). The BIA is in the best position to determine in the first instance the applicability of its own regulation.

**GRANTED.**