**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 4 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALAA GHASSOUB OBEID, | No. 21-865 |
| Petitioner, | Agency No. A095-282-938 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 19, 2023
Phoenix, Arizona

Before: TALLMAN, OWENS, and BADE, Circuit Judges.
Dissent by Judge OWENS.

Alaa Ghassoub Obeid, a native and citizen of Lebanon, petitions for review

of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen

removal proceedings. Although Obeid's motion to reopen was both time and

number barred, *see* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2), he

argues that those limitations should have been equitably tolled because his prior

immigration counsel was ineffective. We have jurisdiction under 8 U.S.C. § 1252

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and review the BIA's denial of a motion to reopen for abuse of discretion. *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022). "Under this standard of review, we must uphold the agency's decision unless it is 'arbitrary, irrational, or contrary to law.'" *Id.* (quoting *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017)). We deny the petition.

Obeid came to the United States on a student visa in 2001 and married a U.S. citizen in 2002. In 2003, Obeid was indicted for conspiracy to commit money laundering and fell out of legal status because he failed to maintain the full course of study required by the visa. DHS initiated removal proceedings and an immigration judge ("IJ") ordered Obeid removed in 2005. By 2006, Obeid had been without legal status in the United States for more than one year.

Obeid appealed to the BIA and our court, and also sought an adjustment of status based on his marriage. In the course of Obeid's appeals, the indictment was dismissed pursuant to a plea agreement and his wife divorced him. In 2016, we remanded for the BIA to determine whether Obeid's divorce invalided his application for an adjustment of status. *Obeid v. Lynch*, 658 F. App'x 300, 301 (9th Cir. 2016). Before the BIA, Obeid moved for remand to the IJ. In 2017, the BIA denied the motion and held Obeid was ineligible to adjust his status but gave him 60 days to voluntarily depart the United States under 8 U.S.C. § 1229c(b)(1). Obeid failed to depart.

Obeid argues he was prejudiced by his former counsel's failure to properly address the voluntary departure order, as his failure to depart resulted in the

imposition of a ten-year bar to adjustment of status. *See* 8 U.S.C. § 1229c(d)(1)(B). A claim of ineffective assistance requires a showing that counsel's performance was deficient and that the deficient performance caused prejudice.[1] *Singh v. Holder*, 658 F.3d 879, 885 (9th Cir. 2011). Prejudice exists when "counsel's performance was so inadequate that the outcome of 'the proceeding may have been affected by the alleged violation.'" *Hernandez-Ortiz*, 32 F.4th at 801 (quoting *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020)). The converse is equally true: prejudice does not exist "when the alien lacks plausible grounds for relief." *Singh*, 658 F.3d at 887. Here, the BIA did not abuse its discretion in declining to reopen Obeid's case because Obeid cannot show he was prejudiced by former counsel's performance.

Obeid cites *Singh*, 658 F.3d at 886, for the proposition that former counsel should have sought to stay the voluntary departure period. The BIA has no authority to stay or toll the voluntary departure period. *See* 8 C.F.R. § 1240.26(e)(1); *Dada v. Mukasey*, 554 U.S. 1, 19 (2008). Our decision in *Singh* rested on our equitable authority to stay the voluntary departure period. *See* 658 F.3d at 879. But the adoption of 8 C.F.R. § 1240.26(i) in 2008 abrogated that authority. *Garfias-Rodriguez v. Holder*, 702 F.3d 504, 524–25 (9th Cir. 2012)

---

[1] Obeid argues the BIA erred by finding that he failed to substantially comply with the procedural requirements for an ineffective assistance claim set out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). But even assuming that Obeid substantially complied with *Lozada*, he must still establish the substantive elements of ineffective assistance, *Hernandez-Ortiz*, 32 F.4th at 801, which requires a showing of prejudice.

(en banc). When the BIA denied Obeid's motion in 2017, it was no longer possible to seek a stay of the voluntary departure period.

Former counsel could have withdrawn Obeid's request for voluntary departure, filed a motion to reopen, or filed an appeal, but doing so would have automatically terminated the grant of voluntary departure and exposed Obeid to immediate removal. *Dada*, 554 U.S. at 20–21; 8 C.F.R. § 1240.26(e)(1), (i). Obeid then would have been subject to a different ten-year bar on adjustment of status under 8 U.S.C. § 1182(a)(9)(A)(ii). Alternatively, if former counsel had advised Obeid to comply with the voluntary departure order and leave the country, Obeid would have been subject to a ten-year bar on adjustment of status because he had accrued more than a year of unlawful presence. 8 U.S.C. § 1182(a)(9)(B)(i)(II). Counsel's performance was not prejudicial given that any action he took would have left Obeid "in substantially the same position that [he] is in today." *See Hernandez-Ortiz*, 32 F.4th at 804.[2]

Finally, the BIA did not abuse its discretion in denying Obeid's instant motion to reopen because ineffective assistance is not grounds for lifting the voluntary departure bar unless an alien's failure to depart was not "voluntary." *See Granados-Oseguera v. Mukasey*, 546 F.3d 1011, 1016 (9th Cir. 2008); *Singh*,

---

[2] Obeid also was not prejudiced by prior counsel's failure to submit evidence about Obeid's remarriage to his former wife. Obeid has failed to identify any evidence former counsel could have introduced regarding the bona fides of his marriage that existed at the time of his motion. That evidence did not become available until later when an approved Form I-130 was issued.

658 F.3d at 887. The voluntariness exception is "narrow[]" and does not apply unless an alien "is unaware of the voluntary departure order or is physically unable to depart." *Singh*, 658 F.3d at 887 (quoting *In re Zmijewska*, 24 I. & N. Dec. 87, 94 (BIA 2007)). Unlike the petitioner in *Singh*, Obeid was indisputably aware of the voluntary departure order: his affidavit states that he "received a copy of the Board's 2017 decision in the mail" and "read through it." Obeid argues his failure to depart was not voluntary "because former counsel misadvised him about the voluntary departure order." But a failure to depart is voluntary if the "petitioner was fully aware of the voluntary departure order but remained in the United States in reliance on counsel's erroneous advice." *See id.* at 887 n.10 (citing *Granados-Oseguera*, 546 F.3d at 1015–16).

Obeid and the dissent argue we should remand because the BIA's decision failed to address the voluntary departure issue. However, where the result on remand is "necessary and certain" we "need not remand for the agency to reach that same conclusion because to do so 'would be an idle and useless formality.'" *Gutierrez-Zavala v. Garland*, 32 F.4th 806, 810 (9th Cir. 2022) (quoting *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969)). We will not remand when our precedents and the record establish that the BIA cannot afford Obeid any relief from the voluntary departure bar and that Obeid would have been subject to a ten-year bar regardless of whether he had departed.

**DENIED.**

FILED

MAY 4 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Obeid v. Garland*, No. 21-865

OWENS, Circuit Judge, dissenting:

I respectfully dissent. The BIA abused its discretion because it failed to address Obeid's argument that his attorney prejudiced him by ignoring the voluntary departure deadline and thereby creating a bar to adjustment of status. *See Singh v. Gonzales*, 416 F.3d 1006, 1015 (9th Cir. 2005). Specifically, the agency did not analyze whether the attorney's conduct created an avoidable bar to relief or whether Obeid is still eligible for relief. The necessary conclusion of these analyses is not that Obeid cannot show prejudice. As such, remand is not futile, and I would remand for the BIA to analyze whether the attorney's failure to consider the voluntary departure deadline prejudiced Obeid.